Stephen D. Weisskopf, Esq. (State Bar No. 213596)
Christopher E. Stiner, Esq. (State Bar No. 276033)
LEVATOLAW, LLP
2029 Century Park East, Suite 2910
Los Angeles, California 90067
Telephone: (310) 734-2026
Facsimile: (310) 421-4180

Attorneys for Plaintiff
TORTILLA FACTORY, LLC

# UNITED STATES DISTRICT COUTY

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORTILLA FACTORY, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTH-ADE LLC, a Delaware limited liability company; and DOES 1-10,<br><br>Defendants. | Case No. 17-CV-9090<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>1. **FALSE ADVERTISING UNDER LANHAM ACT 43(A)**<br>2. **FALSE ADVERTISING UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17500**<br>3. **UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff TORTILLA FACTORY, LLC ("Tortilla Factory" or "Plaintiff") hereby alleges as follows:

**PARTIES**

1. Plaintiff Tortilla Factory is a California limited liability company with is principal place of business in Los Angeles, California, in good standing in California. It manufacturers a line of kombucha drinks under the brand name "Kombucha Dog."

2. On information and belief, defendant HEALTH-ADE LLC ("Health-Ade") is a Delaware limited liability company registered with the California Secretary of State with its principal place of business in Los Angeles, California. Health-Ade was originally registered as a California limited liability company and later converted-out to its present form. References to Health-Ade used herein specifically include this California limited liability company and any other predecessor organizations.

3. Plaintiff is not aware of the true names and capacities of the defendants identified herein as Does 1 through 10, inclusive, and therefore fictitiously names said defendants. Plaintiff will amend this Complaint to allege the true names and capacities of these fictitiously named defendants when their identities are ascertained.

4. Plaintiff is informed and believes, and thereon alleges, that Health-Ade and each of the fictitiously named Doe defendants (collectively "Defendants") were in some manner responsible for the acts alleged herein and the harm, losses and damages suffered by Plaintiff as alleged hereinafter. Plaintiff is also informed and believes that, while participating in such acts, each Defendant was the agent, alter ego, conspirator, and aidor and abettor of the other Defendants and was acting in the course and scope of such agency and/or acted with the permission, consent, authorization or ratification of the other Defendants.

5. As described further below, Health-Ade conducts business and manufactures and/or distributes products in the greater Los Angeles area, and throughout the United States.

**JURISDICTION AND VENUE**

6. This action arises under 15 U.S.C. § 1125(a) and the statutory law of the State of California. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (Lanham Act claims) and 28 U.S.C. § 1367 (supplemental jurisdiction).

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

8. This action seeks redress for Health-Ade's deliberate and unlawful false and misleading representations regarding its variously flavored kombucha products[1] ("Kombucha Products"). The Kombucha Products have been packaged, marketed and sold by Health-Ade based on representations significantly understating their alcohol and, upon information and belief, sugar content along with other material misrepresentations.

9. This action seeks redress for the unfair, unlawful and fraudulent business practices of all Defendants, each of whom have participated in making the false advertising claims related to Health-Ade's Kombucha Products and nationwide.

**I. KOMBUCHA IN THE MARKETPLACE**

10. While there is variation among kombucha beverages, the term "kombucha" generally refers to a fermented beverage produced from a mixture of steeped tea and sugar, combined with a culture of yeast strains and bacteria. In the kombucha brewing process, yeast in the liquid metabolizes sugar and makes alcohol while bacteria in the liquid metabolizes alcohol and makes vinegar. While some kombucha beverages also have fruit juice or other flavors added during production, the value that the marketplace and

---

[1] Health-Ade produces the following flavors: ginger-lemon, pink lady apple, pomegranate, cayenne cleanse, California grape, blood-orange-carrot-ginger, beet, the original, holiday cheers, reishi-chocolate, maca-berry, match+cold brew coffee, sweet thorn, and power greens.

consumers place on kombucha as a product is substantially based on it being the natural product described above, on its low sugar content, and on its high content of probiotics and associated acids.

11. Fermentation is a natural reaction when the sugar, yeast and bacteria are combined during kombucha production. As a consequence of this fermentation, the resulting product can have an alcohol content of 0.5% or more by volume. When this happens, the kombucha is regulated as an alcohol beverage under federal law and Alcohol and Tobacco Tax and Trade Bureau ("TTB") regulations.

12. In fact the TTB has a web page devoted to frequently asked questions on the regulation of kombucha brewing, sales and marketing. Relevant questions answered include the following[2]:

> **What causes a kombucha to continue fermenting in the original container after removal from the producer's premises?**
>
> Fermentation, which is part of kombucha production, is a natural reaction when sugar and yeast are combined. Several factors can influence how much alcohol is produced by fermentation, including time and temperature.
>
> Even though a kombucha beverage may have less than 0.5% alcohol by volume at the time of bottling, fermentation may continue in the bottle after it leaves the production facility, depending on how the kombucha beverage is made and stored. As a result, the alcohol content may increase to 0.5% or more alcohol by volume. Such a product is an alcohol beverage, which is subject to the laws and regulations governing the production, taxation, labeling, marketing, and distribution of alcohol beverages.
>
> . . .
>
> **Are kombucha containers required to bear a health warning statement?**
>
> Yes, if the kombucha beverage contains 0.5 percent or more alcohol by volume. The container of any alcohol beverage sold or distributed in the United States with an alcohol content of 0.5 percent or more must bear the health warning statement required by the Alcoholic Beverage Labeling Act of 1988. (See 27 U.S.C. 215 and 27 CFR part 16.) This requirement applies regardless of whether the kombucha is subject to the labeling requirements of the Federal Alcohol Administration Act (FAA Act). (See K13.) See 27 CFR part 16 for the wording,

---

[2] *Available at* https://www.ttb.gov/kombucha/kombucha-general.shtml

type size and other formatting rules regarding the health warning statement.

13. Thus kombucha's regulation as an alcoholic beverage is a well-known issue among kombucha producers and regulators despite kombucha's health benefits.

## II. KOMBUCHA DOG

14. Michael Faye, an entrepreneur and health conscious Californian, began brewing kombucha in 2010. After experimenting with over 200 teas and fermenting 60, Faye perfected his kombucha recipe and began offering it as Tortilla Factory's Kombucha Dog brand kombucha. Kombucha Dog currently offers four flavors—Just Kombucha, Mint, Wild Blueberry, and Ginger.  Kombucha Dog's recipe has a unique blend of probiotics, antioxidants and detoxifying gluconic and acetic acids.

15. Unlike mass-manufactured beverages, Kombucha Dog only uses raw, organic ingredients. Each batch is hand brewed and stored in dark glass bottles. Kombucha Dog makes unadulterated kombucha—it does not dilute the beverage like other manufacturers. Consequently, Kombucha Dog beverages have an alcohol content of 0.5% or more by volume.

16. Kombucha Dog beverages are labeled, marketed and distributed in substantial compliance with statutes and regulations governing it as an alcohol-containing beverage.

17. Kombucha Dog is a recognized product and brand in the marketplace, as reflected in part by it having been featured or referenced in Los Angeles Magazine (including being listed in "Best of LA"), LA Weekly, Ovation Television Network (including "The Art Of…" television show), Locale Magazine, and various online media.

## III. HEALTH-ADE AND ITS FALSE ADVERTISING OF ITS PRODUCTS

18. Health-Ade is a Los Angeles–based company launched five years ago to sell its Kombucha Products. Currently, it brews its Kombucha Products out of a facility in Torrance, California. According to its own projections, Health-Ade will sell about 2 million cases of its Kombucha Products by the end of 2017. Health-Ade reports it is

available at approximately 3,600 conventional markets nationwide.[3]

19. Most egregiously, Health-Ade advertises, markets and promotes the Kombucha Products as being non-alcoholic beverages, when, in fact, their products contain more than 0.5% alcohol. Nowhere on the Kombucha Products is there any conspicuous disclosure that the products contain alcohol.

20. Instead, in small font on the bottom of the label, Health-Ade states that the product "may" contain "trace amounts of alcohol." This does not comply with federal regulations for alcoholic beverages and is incredibly misleading. Upon information and belief, Health-Ade knows that its products contain more than 0.5% alcohol, which is not a "trace" amount.

21. By failing to properly disclose to consumers that the Kombucha Products contain alcohol above 0.5%, Health-Ade has confused and misled consumers (and jeopardized their health and safety), who reasonably expect that the drink does not contain alcohol or might only contain "trace" amounts.

22. Given this, the Kombucha Products can be legally purchased and consumed by minors despite the alcohol content and unwitting parents might purchase and provide these products to their young children.

23. In truth, the Health-Ade Kombucha Products contain between 0.7% and 1.3% alcohol and, consequently, must be properly labeled as alcoholic beverages and comply with the many regulations and statutes that govern the manufacture, marketing and sale of alcoholic beverages. Plaintiff first learned of the true level of alcohol in Health-Ade's Kombucha Products within the last eighteen months.

24. Upon information and belief, the Kombucha Products also understate the sugar content of their drinks, to mislead consumers into believing their products are

---

[3] Lowe, Chelsee, *One of L.A.'s Biggest Kombucha Manufacturers Tries to Demystify the Effervescent Drink*, LA Weekly, (August 29, 2017) *available at* http://www.laweekly.com/restaurants/health-ade-kombucha-is-building-an-empire-in-torrance-8585208

healthier than other kombucha drinks on the market that properly advertise their sugar content.

25. Sugar level in beverages is an important factor in a consumer's purchasing decision, especially in beverage markets where products have advertised health benefits.

26. The labels on the Kombucha Products list a sugar content of between 2 and 3 grams. Given the manufacturing process for a true kombucha product, as Health-Ade's products purport to be, it is highly unlikely that the sugar level is accurate.

27. Tortilla Factory's Kombucha Dog is a direct competitor of Health-Ade with respect to brewing kombucha for sale in retail and wholesale settings. The parties are vying for the same dollars from the same consumers, and did so at all times relevant to this Complaint, except that Tortilla Factory did not seek to sell alcohol to minors.

28. Tortilla Factory is informed and believes that Health-Ade had subjective notice of their actual, probable, or potential violations of legal obligations concerning labeling, marketing, and manufacturing of their Kombucha Products.

29. Health-Ade gained an unfair advantage over Tortilla Factory in the marketplace by engaging in unlawful practices including, among other things:

    a. Failing to label the Kombucha Products in compliance with laws regulating alcohol-containing beverages. This includes but is not limited to the legal requirement to disclose such as the beverage being hazardous to pregnant women and a potential carcinogen.

    b. Failing to distribute the Kombucha Products in compliance with laws regulating alcohol-containing beverage. This includes using grocery distribution channels for the Kombucha Products even those they were alcohol-containing beverages not entitled to such distribution, and required distribution only through licensed beer wholesalers.

    c. Failing to market the Kombucha Products in compliance with laws regulating alcohol-containing beverage, including on information and belief by

selling and marketing the Kombucha Products to persons below 21 years of age.

d. Upon information and belief, violating legal obligations to refrain from paying money or providing other consideration to retailers in exchange for exclusive or preferential relationships, displays, or distribution.

e. Upon information and belief, understating the amount of sugar in the Kombucha Products, both on the nutrition facts, and generally in the labeling of the Kombucha Products.

30. As a direct and proximate result of such unfair and unlawful practices, Health-Ade gained an unfair advantage over Tortilla Factory in the marketplace because these violations allowed them to, among other things:

a. Distribute their product through less expensive and broader reaching grocery distribution channels;

b. Market and sell their product to persons below 21 years of age;

c. Upon information and belief, exclude other kombucha manufacturers, including Tortilla Factory, from marketplaces by unlawfully securing exclusive or preferential arrangements with retailers and/or distributors;

d. Obtain a market advantage in the kombucha marketplace, which is very sensitive to the amount of sugar in competing products, by, upon information and belief, misrepresenting its sugar content;

e. Obtain a market advantage in the kombucha marketplace, which is very sensitive to perceived health-benefits of foods, by omitting required alcohol disclosures and warnings;

f. Produce and profit from sales of the Kombucha Products without satisfying all tax obligations, including but not limited to payment of the state alcoholic beverage tax.

g. Alter the marketplace through manipulation of consumers such that 100% authentic kombucha, such as Kombucha Dog, appeared to consumers, wholesalers,

and retailers as less natural, less healthy, and more sugary than the Kombucha Products.

31. As a direct and proximate result of the wrongful conduct alleged herein, Tortilla Factory lost profits, failed to obtain the market share it would otherwise have obtained, and was denied a fair marketplace.

## FIRST CLAIM FOR RELIEF

(False Advertising Under Lanham Act § 43(a), 15 U.S.C. 1125(a)

Against all Defendants)

32. Plaintiff incorporates by reference Paragraphs 1 through 31 above as though fully set forth herein.

33. Defendants have made and distributed, in interstate commerce and in this District, advertisements that contain false or misleading statements of fact regarding their products. These advertisements contain actual misstatements and/or misleading statements and failures to disclose, including, among others, statements regarding the alcohol and, on information and belief, sugar content of Defendants' Kombucha Products.

34. These false statements actually deceive, or have a tendency to deceive, a substantial segment of Plaintiff's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of Plaintiffs customers.

35. Defendants' false and misleading advertising statements and omissions injure both consumers and Plaintiff.

36. Defendants' false and misleading advertising statements and omissions violate the Lanham Act § 43(a), 15 U.S.C. §l 125(a).

37. Defendants have caused, and will continue to cause, immediate and irreparable injury to Plaintiff, including injury to its business, reputation, and goodwill, for which there is no adequate remedy at law. As such, Plaintiff is entitled to an injunction under 15 U.S.C. §1116 restraining Defendants, their agents, employees, representatives and all persons acting in concert with them from engaging in further acts of false

advertising, and ordering removal of all Defendants' false advertisements.

38. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' acts in violation of Lanham Act § 43(a). Plaintiff is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts.

39. Pursuant to 15 U.S.C. §1117, Plaintiff is further entitled to recover from Defendants the gains, profits and advantages that they have obtained as a result of their acts. Plaintiff is at present unable to ascertain the full amount of the gains, profits and advantages Defendants have obtained by reason of their acts.

40. Pursuant to 15 U.S.C. §1117, Plaintiff is further entitled to recover the costs of this action. Moreover, Plaintiff is informed and believes, and on that basis alleges, that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF

(False Advertising Under Cal. Bus. & Prof. Code § 17500

Against All Defendants)

41. Plaintiff incorporates by reference Paragraphs 1 through 40 above as though fully set forth herein.

42. Defendants knew or in the exercise of reasonable care should have known that their publicly disseminated statements and omissions relating to their Kombucha Products were false or misleading. Defendants' false advertising statements and omissions injure consumers and Plaintiff. Defendants' false and misleading statements include, among others, statements regarding the alcohol and sugar content of Defendants' Kombucha Products.

43. By making such untrue or misleading statements, Defendants have engaged in false advertising in violation of the statutory law of the state of California, Cal. Bus. &

Prof. Code § 17500, et seq.

44. By reason of Defendants' conduct, Plaintiff has suffered injury in fact and has lost money or property.

45. Defendants have caused, and will continue to cause, immediate and irreparable injury to Plaintiff, including injury to its business, reputation, and goodwill, for which there is no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, their agents, employees, representatives and all persons acting in concert with them from engaging in further such acts, and forbidding Defendants from advertising their Kombucha Products with the alcohol and sugar content currently advertised, and from making other false statements in connection with the product.

46. Plaintiff is further entitled to a restitutionary recovery from Defendants.

### THIRD CLAIM FOR RELIEF

(Statutory Unfair Competition – Cal. Bus. & Prof. Code § 17200, *et seq.*

Against All Defendants)

47. Plaintiff incorporates by reference Paragraphs 1 through 46 above as though full set forth herein.

48. Defendants have made, published, disseminated, and circulated false, deceptive, and misleading statements, representations, and advertisements in California misrepresenting the characteristics of their Kombucha Products with the intent of selling, distributing, and increasing the consumption of, and interest in, their Kombucha Products.

49. Defendants conduct as alleged herein was unlawful, violating both applicable federal and state statutes and regulations, including but not limited to the United States Lanham Act, California Business and Professions Code provisions concerning exclusivity, marketing, sales, and promotions of alcoholic beverages (e.g., Cal Bus & Prof Code §§ 25000 et seq, 25502, 25503), and state and federal regulation of alcoholic beverages once alcohol content reaches 0.5% ABV at any time during the manufacturing, distribution, or sales processes (e.g. Cal. Alcoholic Beverage Control Act (Cal. B&P Code 23000 et seq);

27 CFR part 25).

50. Defendants' conduct as alleged herein constitutes unfair competition in that such acts were and are unlawful, unfair, deceptive and/or fraudulent business acts or practices in violation of California Business & Professions Code § 17200, et seq.

51. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered injury in fact, which losses include damage to Plaintiff's goodwill with its existing, former and potential customers. Defendants' conduct has also caused damage to consumers.

52. These wrongful acts have proximately caused and will continue to cause Plaintiff substantial injury, including loss of customers, dilution of goodwill, confusion of existing and potential customers, and diminution of the value of Plaintiff's products. The harm these wrongful acts will cause to Plaintiff is both imminent and irreparable, and the amount of damage sustained by Plaintiff will be difficult to ascertain if these acts continue. Plaintiff has no adequate remedy at law.

53. Plaintiff is entitled to an injunction restraining Defendants, their officers, agents, employees, and all persons acting in concert with them from engaging in further such unlawful conduct.

54. Plaintiff is further entitled to a restitutionary recovery from Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For temporary, preliminary and permanent injunctive relief prohibiting Defendants, their agents, or anyone working for, in concert with or on behalf of Defendants from engaging in false or misleading advertising with respect to their Kombucha Products and/or violating Lanham Act § 43(a), which relief includes but is not limited to removal of all false or misleading advertisements and corrective advertising to remedy the effects of Defendants' false advertising.

2. For an order requiring Defendants to correct any erroneous impression

persons may have derived concerning the nature, characteristics, or qualities of their Kombucha Products, including without limitation, the placement of corrective advertising and providing written notice to the public.

3. That Defendants be adjudged to have violated 15 U.S.C. §1125(a) by unfairly competing against Plaintiff by using false, deceptive or misleading statements of fact that misrepresent the nature, quality and characteristics of their Kombucha Products.

4. That Defendants be adjudged to have unlawfully and unfairly competed against Plaintiff under the laws of the State of California, Cal. Bus. & Prof. Code § 17200, et seq.

5. That Defendants be adjudged to have unfairly competed against Plaintiff by engaging in false or misleading advertising under the laws of the State of California, Cal. Bus. & Prof. Code § 17500, et seq.

6. That Plaintiff be awarded damages Plaintiff has sustained in consequence of Defendants' conduct.

7. That Plaintiff be awarded Defendants' profits obtained by Defendant as a consequence of Defendants' conduct.

8. That such damages and profits be trebled and awarded to Plaintiff as a result of Defendants' willful, intentional and deliberate acts in Plaintiff violation of Lanham Act § 43(a).

9. That Plaintiff recover its costs and reasonable attorneys' fees.

10. That all of Defendants' misleading and deceptive materials and products be destroyed as allowed under 15 U.S.C. § 1118.

11. That Plaintiffs be granted prejudgment and post judgment interest.

12. That Plaintiff have such other and further relief as the Court deems just and proper.

DATED: December 19, 2017     LEVATOLAW, LLC

By: /s/ Stephen D. Weisskopf
Stephen D. Weisskopf
Attorneys for Plaintiff TORTILLA FACTORY, LLC

14
COMPLAINT